IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**TEENA FOY,**

    *Plaintiff*,

v.                                            Case No.: 4:24cv140-MW/MAF

**FLORIDA COMMISSION
ON OFFENDER REVIEW
et al.,**

    *Defendants*.

_____/

### ORDER DENYING PLAINTIFF'S MOTION TO AMEND MOTION FOR PRELIMINARY INJUNCTION *NUNC PRO TUNC*

Pending before this Court is Plaintiff's motion to substitute a party or amend her preliminary injunction *nunc pro tunc*. ECF No. 34. Additionally, Plaintiff has filed an amended complaint, ECF No. 33. For the reasons below, Plaintiff's motion is **DENIED**.

First, as this Court explained at length during the hearing on Plaintiff's motion for preliminary injunction, Federal Rule of Civil Procedure Rule 25 does not apply to this situation. Substitution of a party is not the same as adding additional defendants. Accordingly, Rule 25 does not provide a legal basis to add additional defendants.

1

Equally unavailing are the cases Plaintiff cites in her motion to amend. She largely relies either on cases where there was a scrivener's error, or on cases where a plaintiff sought leave to amend their complaint *nunc pro tunc* pursuant to Federal Rule of Civil Procedure 15(a)(2). Here, however, Plaintiff did not need leave of court to amend her complaint. Instead, she could have done so as a matter of right under Rule 15(a)(1)(A) and remedied the problem prior to the preliminary injunction hearing.[1] But Plaintiff states no legal basis—and this Court is not aware of any—that allows a *nunc pro tunc* amendment to a motion for preliminary injunction adding additional defendants who have not been served and were not present at the hearing. Accordingly, Plaintiff's motion is **DENIED**.

If Plaintiff's counsel believes they have a legal basis to file a new motion for preliminary injunction, they may file a new motion. If they choose to do so, this Court does not advise Plaintiff's counsel to simply cut and paste the prior motion for preliminary injunction. Moreover, as discussed during the hearing on the original motion, the parties are free to argue that the Commission's action is properly analyzed under strict scrutiny. If they do so, the parties must also include discussion of the *Turner* framework. In adding this requirement, this Court does not suggest that the parties agree that the Commission's action is properly analyzed under *Turner*. However, if a party believes *Turner* does not apply, they must explain why

---

[1] Indeed, as of this writing, Plaintiff has filed a First Amended Complaint. *See* ECF No. 33.

that is the case. This Court will not make arguments for either side in ruling on any future motion for preliminary injunction.

**SO ORDERED on May 7, 2024.**

**s/Mark E. Walker**  
**Chief United States District Judge**