IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**TEENA FOY,**

    *Plaintiff*,

v.                                    Case No.: 4:24cv140-MW/MAF

**FLORIDA COMMISSION
ON OFFENDER REVIEW
et al.,**

    *Defendants*.

_____/

## ORDER DENYING PLAINTIFF'S MOTION
## FOR PRELIMINARY INJUNCTION

This case is before this Court on Plaintiff's motion for preliminary injunction, ECF No. 9. Defendants responded to Plaintiff's motion, ECF No. 28, and a hearing was held on May 2, 2024. For the reasons stated below, Plaintiff's motion is **DENIED** for lack of standing.

I

Teena Foy has one child, Scott Graham-Foy. For years, Ms. Foy and Mr. Graham-Foy's relationship has been tested. First, it was tested by Mr. Graham-Foy's yearslong battle with opiate addiction, which resulted in several felony convictions and stints on probation. In 2011, their relationship was tested even further when Mr. Graham-Foy attacked his mother with a frying pan and a knife. Mr. Graham-Foy

pled guilty to this assault and was sentenced to serve fifteen years in the Florida Department of Corrections.

During his time in prison, Mr. Graham-Foy became sober, and Ms. Foy and Mr. Graham-Foy took steps to repair their relationship. Letters turned into phone conversations. Eventually, Ms. Foy began to visit her son in person twice a month. The two have since become as close as they were prior to the assault, relying on each other for advice and emotional support.

Now, their relationship faces another test. Because of his prior drug convictions, Mr. Graham-Foy was designated a habitual felony offender under section 775.084, Florida Statutes. As a result, Mr. Graham-Foy was subjected to conditional release supervision pursuant to section 947.1405, Florida Statutes. Under this provision, an offender sentenced under section 775.084 "shall, upon reaching the tentative release date or provisional release date . . . be released under supervision subject to specified terms and conditions . . . ." § 947.1405, Fla. Stat. (2023).

The Florida Commission on Offender Review ("the Commission") oversees the conditional release program and sets out terms and conditions of release—such as restitution, participation in drug treatment, and other terms the Commission finds appropriate. *See* Fla. Admin. Code § 23-23.008(2) (stating that "the Commission imposes any special conditions it considers warranted"). The Commission has three

members—namely, Chairperson Melinda Coonrod, Commissioner Richard Davison, and Commissioner David Wyant. Any assignment of or change in conditions requires a majority vote—in other words, a change must be reviewed and voted on by "[a] panel of no fewer than two Commissioners." *See* Fla. Admin. Code § 23-23.010(7).

On January 24, 2024, two Commissioners voted to release Mr. Graham-Foy into the Conditional Release Supervision program to serve the remainder of his sentence. This term will expire in June of 2026. At the meeting, these two Commissioners also voted to impose the following special conditions: substance abuse therapy, anger management program, curfew, and no contact with the victim. ECF No. 30-2 at 4. Thus, as the victim of her son's crime, Ms. Foy cannot have any contact with her son. But Ms. Foy seeks contact with her son. To that end, she wrote several letters to the Commission expressing her wish to see him and asking that the no-contact condition be removed. ECF No. 30-6 at 4–9. In response to her letters, the Commission placed Mr. Graham-Foy's case on a docket for review on January 31, 2024. At that meeting, two Commissioners again voted to keep the "no contact with victim" condition in place.

Ms. Foy now sues the Commission and Melinda Coonrod in her official capacity as the Chairperson. Ms. Foy seeks injunctive relief and a declaration that the no-contact condition violates her fundamental rights, including her rights to

3

freedom of association (specifically, association with her son), freedom of speech, and freedom of religion. Further, she claims that she did not receive due process before the State of Florida designated her a "victim," subjecting her to significant restrictions on her fundamental rights.

II

A district court may grant a preliminary injunction if the movant shows: (1) it has a substantial likelihood of success on the merits; (2) it will suffer irreparable injury unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest. *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (en banc). Although a "preliminary injunction is an extraordinary and drastic remedy," it should be granted if "the movant 'clearly carries the burden of persuasion' as to the four prerequisites." *United States v. Jefferson Cnty.*, 720 F.2d 1511, 1519 (11th Cir. 1983) (quoting *Canal Auth. v. Callaway*, 489 F.2d 567, 573 (5th Cir. 1974)). No one factor, however, is controlling; this Court must consider the factors jointly, and a strong showing on one factor may compensate for a weaker showing on another. *See Fla. Med. Ass'n, Inc. v. U.S. Dep't of Health, Educ., & Welfare*, 601 F.2d 199, 203 n.2 (5th Cir. 1979). Finally, "[a]lthough the initial burden of persuasion is on the moving party, the ultimate burden is on the party who would have the burden at trial." *FF Cosmetics FL, Inc.*

*v. City of Miami Beach*, 866 F.3d 1290, 1298 (11th Cir. 2017) (citing *Edenfield v. Fane*, 507 U.S. 761, 770 (1993)). Applying this standard, this Court first considers whether Plaintiff has established a likelihood of success on the merits.

III

As to substantial likelihood of success on the merits, this Court addresses this factor first because, typically, if a plaintiff cannot "establish a likelihood of success on the merits," this Court "need not consider the remaining conditions prerequisite to injunctive relief." *Johnson & Johnson Vision Care, Inc. v. 1-800 Contacts, Inc.*, 299 F.3d 1242, 1247 (11th Cir. 2002). And because standing is always "an indispensable part of the plaintiff's case," this Court begins its merits analysis with standing. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992).

Over time, the Supreme Court has developed a three-part test for determining when standing exists. Under that test, a plaintiff must show (1) that they have suffered an injury-in-fact that is (2) traceable to the defendant and that (3) can likely be redressed by a favorable ruling. *See Lujan*, 504 U.S. at 560–61. And "where a plaintiff moves for a preliminary injunction, the district court . . . should normally evaluate standing 'under the heightened standard for evaluating a motion for summary judgment.' " *Waskul v. Washtenaw Cnty. Cmty. Mental Health*, 900 F.3d 250, 255 (6th Cir. 2018) (quoting *Food & Water Watch, Inc. v. Vilsack*, 808 F.3d 905, 912 (D.C. Cir. 2015)); *see also Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 404

(2d Cir. 2011). Thus, "a plaintiff cannot 'rest on such mere allegations, [as would be appropriate at the pleading stage,] but must set forth by affidavit or other evidence specific facts, which for purposes of the summary judgment motion will be taken to be true.' " *Cacchillo*, 638 F.3d at 404 (some alteration in original) (quoting *Lujan*, 504 U.S. at 561).

First, Plaintiff's injury. While she brings different legal theories, Ms. Foy's injuries all stem from the same underlying fact—namely, Defendants are preventing her from having contact with her only living family member, her son. This causes her emotional anguish and pain, chills her speech, prevents her from fully exercising her religion, and impedes her constitutional right of association. Defendants argue that this is not a cognizable injury because the Commission imposed conditions of release on Mr. Graham-Foy, not Ms. Foy. But the conditions imposed on Mr. Graham-Foy necessarily impact Ms. Foy as well. The undisputed evidence is that Mr. Graham-Foy may engage in no contact with Ms. Foy in any form. For purposes of Article III, this Court finds that Ms. Foy has stated an injury-in-fact.

Turning to traceability, this requires a showing that Ms. Foy's "injury [is] fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court." *31 Foster Children v. Bush*, 329 F.3d 1255, 1263 (11th Cir. 2003). Based on the record before this Court, Ms. Foy's injury is fairly traceable to the Commission. Two Commissioners

6

imposed the no-contact condition upon Ms. Foy's son. This is not a required condition of release, but a discretionary condition that the Commission has the power—but not the obligation—to impose. *See* Fla. Admin. Code § 23-23.01095)(a) (outlining the standard conditions of release). Had the Commissioners not included this special condition, Ms. Foy would not have an injury. Accordingly, Ms. Foy's injuries are traceable to the Commission.

Finally, Redressability. Redressability considers "whether the injury that a plaintiff alleges is likely to be redressed through the litigation." *Sprint Commc'ns Co., L.P. v. APCC Servs., Inc.*, 554 U.S. 269, 287 (2008) (emphasis removed). In analyzing redressability, this Court is limited by the relief sought and the defendants named. Ms. Foy requests an injunction ordering the Commission to remove the no-contact condition from Mr. Graham-Foy's supervised release, as well as a declaration that the condition violates her fundamental constitutional rights. Plaintiff names only two Defendants—the Commission itself and Chairperson Coonrod. This Court will address each of these Defendants in turn.

First, the Commission. The Commission itself is not a proper party to this lawsuit because it is a state agency. As a state agency, the Commission is protected by Florida's sovereign immunity. "Absent waiver, neither a State nor agencies acting under its control may be subject to suit in federal court." *Puerto Rico Aqueduct and Sewer Auth. V. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993) (internal quotation

7

omitted). No such waiver exists here. Therefore, the Commission is not a proper party.

Next, Chairperson Coonrod. Ms. Foy has sued Chairperson Coonrod in her official capacity. In her official capacity, Chairperson Coonrod *is* a proper party under the *Ex parte Young* exception to sovereign immunity. 209 U.S. 123 (1908).[1] But the problem for Ms. Foy is that an injunction ordering Ms. Coonrod to vote in favor of the no-contact condition would not redress Ms. Foy's injuries. Because a change to the conditions of supervised release requires two or more votes in favor, an injunction against Chairperson Coonrod, standing alone, would not be enough to alter Mr. Graham-Foy's conditions of release. *See* Fla. Admin. Code § 23-23.010(7).

At the hearing, Plaintiff, recognizing this defect, introduced two additional cases in support of her argument that she has standing to seek relief from Chairperson Coonrod alone. The first is an order from the Eastern District of Louisiana granting in part and denying in part a motion for summary judgment on an ADA claim, *Bailey v. Bd. of Comm'rs of La. Stadium & Exposition Dist.*, 441 F. Supp. 3d 321, 338 (E.D. La. 2020). There, the district judge considered the plaintiff's standing to seek relief against a defendant chairperson who did not have unilateral

---

[1] Defendants argue that the Commissioners are not proper parties even under the *Ex Parte Young* exception. This Court disagrees. The officials in question are proper parties when they have a "sufficient connection to the enforcement" of the challenged act. *See Young*, 209 U.S. at 157. Under Florida's statutory scheme, the Commissioners are the sole enforcers of the conditions of release. As such, they are proper parties under this exception.

authority to affect the change plaintiff sought but who instead provided "one of seven votes" on a commission that could affect the change. The district court found this sufficient to confer standing. While it presents a factual scenario somewhat analogous to that presented here, this case does not bind this Court. More importantly, it is not consistent with current binding Eleventh Circuit standing doctrine, as discussed *infra*.[2] Accordingly, *Bailey* does not move the needle.

The second case Plaintiff relies on is *Grizzle v. Kemp*, 634 F.3d 1314 (11th Cir. 2011). In *Grizzle*, members of a local board of education challenged the constitutionality of a state statute that prevented family members of those serving on local boards of elections from running for seats on those same boards. The district court entered a preliminary injunction in favor of the plaintiffs. On appeal, the Georgia Secretary of State argued that he was not a proper party because he could not directly redress the injury—he could not "qualify, challenge, or certify candidates for local boards of election under Georgia's election code . . . ." *Id.* at 1318. The Eleventh Circuit rejected this argument and concluded that the Secretary was a proper party because "as a member and the chairperson of the State Election Board, he has both the power and the duty to ensure that the entities charged with [qualifying candidates for local boards of education] comply with Georgia's election code in carrying out those tasks." *Id.* at 1319. Plaintiff makes a similar argument

---

[2] Specifically, *Jacobson v. Secretary of State*, 974 F.3d 1236 (11th Cir. 2020).

here. Chairperson Coonrod, Plaintiff argues, has supervisory responsibility over the Commission. Plaintiff argues that her injury is therefore redressable by Chairperson Coonrod.

The first problem with Plaintiff's argument is that *Grizzle* was decided before *Jacobson v. Secretary of State*, where the Eleventh Circuit clarified its standing doctrine. 974 F.3d 1236 (11th Cir. 2020). Specifically, the Court in *Jacobson* stated that for an injury to be considered "redressable" under Article III, "it must be *the effect of the court's judgment on the defendant*—not an absent third party—that redresses the plaintiff's injury." *Id.* at 1254 (internal quotation omitted).

Here, Plaintiff's injury simply will not be redressed by this Court's order enjoining Chairperson Coonrod alone. As outlined above, any change in conditions of release requires a vote of two or more Commissioners. Nothing in the statute or the Commission's rules gives the Chairperson the power to override this two-vote mechanism or to order the Commissioners to vote a certain way.

Second, *Grizzle* is distinguishable. Like the Georgia Secretary of State, Chairperson Coonrod has some additional authority not assigned to the other Commissioners—for example, the "authority to recommend to the Governor suspension of a commissioner who fails to perform the duties provided for by statute." *See* Fla. Stat. Ann. § 947.04(1) (2022). But this provision does not allow the Chairperson to recommend suspension of Commissioners who do not vote the

way the Chairperson tells them to vote. It only allows her to recommend suspension of those who fail to perform their statutory duties. Moreover, the Chairperson has no duty—or ability—to change an individual's conditions of supervised release.

Nor is this Court persuaded by Plaintiff's suggestion that by enjoining Chairperson Coonrod, the other two Commissioners will be put on notice of the illegality of their actions and act accordingly. "Redressability requires that the court be able to afford relief through the exercise of its power, not through the persuasive or even awe-inspiring effect of [its] opinion . . . ." *Lewis v. Governor of Ala.*, 944 F.3d 1287, 1305 (11th Cir. 2019) (quoting *Franklin v. Massachusetts*, 505 U.S. 788, 825 (1992) (Scalia, J., concurring in part and concurring in the judgment)). This potential advisory effect is not sufficient to create redressability.

Accordingly, all of Ms. Foy's claims must fail for the same reason—namely, none of Ms. Foy's injuries would be redressed by an order from this Court requiring Chairperson Coonrod to remove the no-contact condition. Because Ms. Foy lacks standing, this Court lacks jurisdiction over her claims.[3]

---

[3] As a final note, this Court pauses to repeat a point it made earlier in its Order denying Plaintiff's motion to amend her motion for preliminary injunction, ECF No. 36. That is, if Plaintiff believes she can state a legal basis for a new motion for preliminary injunction, she may file a motion and this Court will consider it.

IV

In sum, this Court credits the hearing testimony and finds that Ms. Foy has stated a cognizable injury-in-fact under Article III. However, the Commission is not a proper Defendant under the Eleventh Amendment. Further, Ms. Foy has failed to demonstrate redressability with respect to her claims against Chairperson Coonrod.

Accordingly,

**IT IS ORDERED**:

Plaintiff Teena Foy's motion for a preliminary injunction, ECF No. 9, is **DENIED** for lack of standing.

**SO ORDERED on May 7, 2024.**

s/Mark E. Walker
**Chief United States District Judge**
