# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

TEENA FOY,

         Plaintiff,

    v.

RICHARD D. DAVISON, in his Official
Capacity, DAVID A. WYANT, in his
Official Capacity, and MELINDA N.
COONROD, Chairperson and
Commissioner, Florida Commission on
Offender Review, in her Official
Capacity,

         Defendants.

_____/

Case No. 4:24-cv-00140-MW-MAF

**SECOND[1] AMENDED COMPLAINT
AND DEMAND FOR A JURY
TRIAL**

**Violations of the First Amendment,
Fourteenth Amendment, and
Article I, Section 16
of the Florida Constitution**

**INJUNCTIVE AND
DECLARATORY RELIEF
REQUESTED**

## INTRODUCTION

This is a case about the right to forgive. This right resides in the confluence

of the free association and free exercise rights found in the First Amendment.

Further, the Florida Constitution protects a crime victim's rights, which must also

include the right to forgive. Defendants deprived Plaintiff Teena Foy of her rights,

and she wants them back, a failure to return them to her will mean the death penalty

for the Foy family, as it consists of two people – Ms. Foy and her son, and the

---

[1] Pursuant to Fed. R. Civ. P. 15(a)(2), counsel for Defendants consented to the filing
of this Second Amended Complaint.

government's actions, engaged in with no rationality at all, separate the two of them, likely for as long as Ms. Foy has to live.

Ms. Foy's son *was* a drug addict who, while under the spell of this evil, committed heinous crimes against her. Foy's maternal instincts and religious conviction eventually compelled her to find forgiveness for her son. Ms. Foy and her son are close now. Her son is being released from prison after 15 years, and both he and his mother were looking forward to being reunified. Ms. Foy is of advanced age and ailing health. Her desire is to live out the rest of her life, however long that may be, with her son by her side and in her warm embrace. The government, however, has other plans. The government wishes to keep them separated, apparently because the bureaucracy, without any rational reason, has reflexively decided that her son should be kept from his so-called victim. The designation as a crime victim is intended to protect and empower Ms. Foy, not to deprive her of her family and limit her rights. If Ms. Foy must have her rights limited by her status as a crime victim, then she wishes to shed that status and enjoy the same rights that she would have if she had no status at all. Because of her "victim" status, she has fewer rights than anyone else to be with her son. This can not be how our law functions.

Usually, a victim seeking vindication of their rights is seeking redress or retribution – and the State, purportedly acting on behalf of the victim and society, will often comply or assist. A forgiving victim should have rights too. Ms. Foy

derives her feelings of compassion and forgiveness from her relationship with God and should be free to express them by associating with whomever she pleases – including her assailant. Under the current state of affairs, if Ms. Foy is on her deathbed and wishes to call her son to say goodbye, and her son knows that it is her calling, *he can not even accept that call* without violating the law and being sent back to prison. Ms. Foy has done nothing to warrant this punishment.

The State should not be permitted to deprive Ms. Foy of the right to speak to her son, to associate with her son, and to fully forgive her son. Ms. Foy is no longer her son's victim. She is now the victim of a government acting illogically, unthinkingly, and uncaringly to deprive her of her rights as a citizen and as a crime victim. This honorable Court must grant Ms. Foy her right to forgive.

## JURISDICTION AND VENUE

1. Plaintiff brings this action under 42 U.S.C. § 1983 and the First and Fourteenth Amendments to the U.S. Constitution.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343.

3. Venue lies in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to these claims occurred in this District, and because the Florida Commission on Offender Review, of which

Defendant Coonrod is the Chair, Defendant Davison is the Vice Chair, and Defendant Wyant is the Secretary, is headquartered within this District and Division.

## PARTIES

4.     Plaintiff Teena Foy is a resident of Jacksonville, Florida. She will be seventy-eight years old in October, and she is in poor health.

5.     Plaintiff has no adequate remedy at law. Unless enjoined by this Court, the Florida Commission on Offender Review (the "FCOR") will continue to violate Plaintiff's rights.

6.     Defendant Melinda N. Coonrod, a former prosecutor, is the Chairman of the FCOR, and is sued in her official capacity for the purpose of obtaining injunctive and declaratory relief. Defendant Coonrod has the authority to implement the requests that will need to be granted as injunctive relief sought herein.

7.     Defendant Richard D. Davison is the Vice Chair of the FCOR, and is sued in his official capacity for the purpose of obtaining injunctive and declaratory relief. Defendant Davison has the authority to implement the requests that will need to be granted as injunctive relief sought herein.

8.     Defendant David A. Wyant is the Secretary of the FCOR, and is sued in his official capacity for the purpose of obtaining injunctive and declaratory relief. Defendant Wyant has the authority to implement the requests that will need to be granted as injunctive relief sought herein.

## FACTUAL ALLEGATIONS

9.      Scott Graham-Foy was a drug addict, whose behavior was warped by his addiction.

10.     In June of 2011, Scott Graham-Foy attacked his mother, Plaintiff Teena Foy, while he was in a drug-modified mental state.

11.     Graham-Foy received a lengthy sentence for his crime: fifteen years in the custody of the Florida Department of Corrections.

12.     As her wounds began to heal, Plaintiff, a devout Catholic, who believes that the Lord expects us to forgive one another as he has forgiven us, sought reconciliation with her incarcerated son.

13.     She visited him regularly at various prisons and came to understand that he suffered from a debilitating addiction and was not himself when he attacked her.

14.     On March 21, 2024, Scott Graham-Foy was released from prison on conditional release supervision.

15.     As a condition of his supervised release, Defendants imposed a "No Victim Contact" condition, which precludes Graham-Foy from communicating in any way with his mother.

16.     Plaintiff, who will soon reach seventy-eight years of age, only has one remaining relative—her son, Scott Graham-Foy.

17.     Ms. Foy wants and needs a relationship with her son, but the Defendants refuses to allow her to have any contact with him, not by Zoom, not by telephone, not even by writing letters to each other.

18.     Mr. Graham-Foy's conditional release will last at least 27 months, and thus the No Victim Contact condition will last for at least 27 months.

19.     Plaintiff has serious and significant health issues.  How long she has left to live is uncertain, but it is certain that 27 months will be either the rest of her life or a significant portion of it.

20.     Plaintiff is diagnosed with kidney cancer and severe cardiovascular issues, having had two bypasses.  Plaintiff has mobility issues and difficulty with everyday activities.

21.     Due to health and mobility concerns, Plaintiff requires immediate assistance from her son.  Further, she fears that she may not have more than 27 months to live, and she wishes to spend all of her remaining time with her son.

22.     The unduly restrictive terms of the "No Victim Contact" condition, which serve no legitimate governmental interest of any kind, violates Ms. Foy's First Amendment right to freedom of association with her son, acts as a prior restraint on her right to speak to her son, impedes her religious rights, and interferes with her right to due process under the Fourteenth Amendment.

23.     The government is interfering with Ms. Foy's First Amendment right to freedom of religion, as she should be free to fully practice forgiveness without the State's interference.

24.     The government is interfering with Ms. Foy's rights under Article I, § 16 of the Florida Constitution, which is supposed to protect her rights as a victim of a crime. This provision guarantees her a right to achieve justice and to be treated with fairness and respect. She is being treated with neither fairness nor respect.

25.     The government is violating Ms. Foy's due process rights by taking away her rights as if she were a ward of the state, adjudicated incapacitated.

26.     Plaintiff seeks an order finding the government's actions unconstitutional as applied to her and granting injunctive relief that would enjoin the Defendants from enforcing the "No Victim Contact" condition.

27.     Alternatively, Plaintiff seeks an order purging her of "Victim" status, so that the "No Victim Contact" condition will not apply to her.

28.     The United States Supreme Court has recognized that "choices to enter into and maintain certain intimate human relationships must be secured against undue intrusion by the State because of the role of such relationships in safeguarding the individual freedom that is central to our constitutional scheme." *Roberts v. United States Jaycees*, 468 U.S. 609, 617-18 (1984).

29.     This aspect of "freedom of association" demands "protection as a fundamental element of personal liberty." *Id.* at 618.

30.     The "constitutional shelter afforded such relationships reflects the realization that individuals draw much of their emotional enrichment from close ties with others." *Id.* at 619.

31.     "Protecting these relationships from unwarranted state interference therefore safeguards the ability independently to define one's identity that is central to any concept of liberty." *Id.*

32.     Plaintiff and her son have both attested to the profound bond they have developed during his incarceration.

33.     Mr. Graham-Foy, who obtained a degree in water management while in prison and secured employment in this field, loves his mother and believes that continuity in their relationship will be crucial to his successful reintegration into society. And any rational person would agree that it is best for the rest of society if a former incarcerated felon is able to participate in a stable familial relationship.

34.     Forgiveness and love are at the core of Plaintiff's Christian beliefs, but her desire to have a relationship with her son also has a practical dimension: she trusts him and believes that he could serve as an effective advocate for her and would be the best possible caregiver for her.

35.     Plaintiff, as a victim of a crime, is entitled under Article I, Section 16(b)(1) of the Florida Constitution to the "right to due process and to be treated with fairness and respect for the victim's dignity."

36.     The Defendants' paternalistic, inflexible, and unthinking approach pretends to know better than Plaintiff what is in her own best interest.  This clashes with this constitutional mandate under the Florida Constitution.

37.     The Defendants' also deprived her of her First Amendment rights to freely associate and communicate with her own son without providing her with any process or recourse whatsoever.

38.     In fact, when Mr. Graham-Foy moved in state court to modify the conditions of his supervised release—with the blessing of Plaintiff—the Defendants intervened.

39.     The Defendants took the position that the state court was "without jurisdiction over any conditional release matter, including any modification or deletion of a condition imposed by the Commission."

40.     The Defendants insisted on enforcing the constitutionally invalid condition, regardless of the wishes of Plaintiff, and succeeded in vacating the modification order entered by the state court.

41.     There is no impediment to the Defendants changing their mind, except their unwillingness to change their mind.  Section 947.1405(3)(c), Florida Statutes,

requires the Defendants to determine the aggrieved party's fear of the inmate or concerns about the release of the inmate. Since Ms. Foy has no fear of the inmate, and her only concerns are that she wishes to associate with and speak to and fully forgive "the inmate," her own son. Section 947.1405(7)(a)(4), Florida Statutes, requires that the Defendants prohibit contact with the victim, *unless approved by the victim*. Ms. Foy, the victim, not only approves of contact, but is here before this Court suing to gain the right to such contact. Clearly, it is "approved by the victim," but that is not apparently good enough for the State.

42. Having no adequate remedy under state law, Plaintiff now invokes this Court's jurisdiction pursuant to 42 U.S.C. § 1983 and asks that it fulfill its special role as the "guarantor of basic federal rights against state power." *Mitchum v. Foster*, 407 U.S. 225, 239 (1972).

<u>COUNT I</u>

**VIOLATION OF THE FIRST AMENDMENT'S GUARANTEE
OF FREEDOM OF ASSOCIATION UNDER 42 U.S.C. § 1983
(ALL DEFENDANTS)**

43. Plaintiff repeats and realleges paragraphs 1-42.

44. Defendants have acted and continue to act under color of state law.

45. The First Amendment's protection of free speech, assembly, and petition logically extends to include a "freedom of association," which includes the

autonomy to make "choices to enter into and maintain certain intimate human relationships." *Roberts v. United States Jaycees*, 468 U.S. 609, 617-18 (1984).

46. Defendants' enforcement of its policies, procedures, and customs harms the very person they are designed to protect, Plaintiff Teena Foy.

47. Enforcement of the "No Victim Contact" provision constitutes an infringement on Plaintiff's rights under the First Amendment that lacks any justification in any governmental interest.

48. Upon information and belief, Defendants acted with intent to interfere with the relationship between Plaintiff and Graham-Foy, which is a relationship protected by the freedom of intimate association consistent with *Robertson v. Hecksel*, 420 F.3d 1254, 1258 n.3 (11th Cir. 2005) and *Trujillo v. Bd. of County Comm'rs*, 768 F.2d 1186, 1188-89 (10th Cir. 1985).

49. Plaintiff has been injured and will continue to be injured as a consequence of Defendants' continued application of a policy that is unconstitutional under the First Amendment, as applied to Plaintiff.

50. Plaintiff has been injured and will continue to suffer injury as a result of Defendants' constitutionally invalid actions if they are not remedied by this Court.

## COUNT II

### VIOLATION OF THE FIRST AMENDMENT'S GUARANTEE
### OF FREEDOM OF RELIGION UNDER 42 U.S.C. § 1983
### (ALL DEFENDANTS)

51.    Plaintiff repeats and realleges paragraphs 1-42.

52.    Defendants have acted and continue to act under color of state law.

53.    The First Amendment protects the free exercise of religion.

54.    An integral portion of the Plaintiff's religious beliefs is the duty to forgive others.  In fact, the Lord's Prayer contains the following admonishment to all Christians: "And forgive us our trespasses, as we forgive those that trespass against us."  Matthew 6:9-13.

55.    The Defendants' actions conflict with the Plaintiff's mandate to forgive, as they render her forgiveness meaningless.

56.    Plaintiff wishes to attend church services with her son, but the no contact order prohibits doing so.  In fact, the no contact order means that if her son is present in a church, and Plaintiff enters that church, the no contact order is violated.  Plaintiff and her son should be able to attend church services together, either by design or by happenstance.  And the no contact order prevents Foy from attending any Catholic church of her choice, as she must avoid churches where her son may be attending services as well.

57.     Plaintiff has been injured and will continue to suffer injury as a result of Defendants' constitutionally invalid actions if they are not remedied by this Court.

## COUNT III

### VIOLATION OF THE FIRST AMENDMENT'S GUARANTEE OF FREEDOM OF SPEECH UNDER 42 U.S.C. § 1983 (ALL DEFENDANTS)

58.     Plaintiff repeats and realleges paragraphs 1-42.

59.     Defendants have acted and continue to act under color of state law.

60.     The Order of Conditional Release entered against Graham-Foy prohibits Graham-Foy and Plaintiff from having any contact with one another.

61.     Plaintiff wishes to communicate with Graham-Foy, but the Order of Conditional Release prevents such communication.

62.     The First Amendment of the U.S. Constitution protects citizens' rights to free speech.

63.     A prior restraint "forbid[s] certain communications when issued in advance of the time that such communications are to occur." *Alexander v. United States*, 509 U.S. 544, 550 (1993), citing M. Nimmer, Nimmer on Freedom of Speech § 4.03, p. 4-14 (1984).  Any prior restraint bears "a heavy presumption against its constitutional validity." *Se. Promotions, Ltd. v. Conrad*, 420 U.S. 546, 558 (1975).

64.     To the extent the Order of Conditional Release prohibits Plaintiff from communicating with her son, it burdens Plaintiff's freedom of speech as guaranteed by the First Amendment and is unconstitutional.

65.     To the extent the Order of Conditional Release prohibits Plaintiff from communicating with her son, it constitutes a prior restraint on Plaintiff's speech and is unconstitutional.

66.     Plaintiff has been injured and will continue to suffer injury as a result of Defendants' constitutionally invalid actions if they are not remedied by this Court.

## **COUNT IV**

**VIOLATION OF THE FOURTEENTH AMENDMENT'S GUARANTEE OF PROCEDURAL DUE PROCESS UNDER 42 U.S.C. § 1983 (ALL DEFENDANTS)**

67.     Plaintiff repeats and realleges paragraphs 1-42.

68.     Defendants have acted and continue to act under color of state law.

69.     The Due Process Clause of the Fourteenth Amendment provides: "[N]or shall any State deprive any person of life, liberty, or property, without due process of law."

70.     Under established United States Supreme Court precedent, the "fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (quoting *Armstrong v. Manzo*, 380 U. S. 545, 552 (1965)).

71.     Defendants imposed the "No Victim Contact" condition, which deprives Plaintiff of the ability to communicate with her own son in any manner whatsoever, without giving Plaintiff any opportunity to be heard at a meaningful time or in a meaningful manner.

72.     Indeed, when her son sought to vindicate this the Defendants intervened in state court and took the position that her son had no recourse whatsoever due to the state court's lack of jurisdiction over these matters.

73.     The imposition of this condition without allowing Plaintiff any meaningful way to be heard or challenge its applicability runs afoul of procedural due process.

74.     Moreover, because the "No Victim Contact" provision imposes irreparable harm on Plaintiff, the very individual it is designed to protect, this state action is arbitrary, capricious, and indefensible.

75.     Additionally, Plaintiff has been designated a "victim" without the ability to opt out of this designation, once this designation has been used by the government to deprive her of other substantive and fundamental rights, without any due process or procedure to relieve herself of this status.

76.     Plaintiff has been injured and will continue to suffer injury as a result of Defendants' constitutionally invalid actions if they are not remedied by this Court.

<u>**COUNT V**</u>

**VIOLATION OF THE FOURTEENTH AMENDMENT'S GUARANTEE OF
SUBSTANTIVE DUE PROCESS UNDER 42 U.S.C. § 1983
(ALL DEFENDANTS)**

77.    Plaintiff repeats and realleges paragraphs 1-42.

78.    Defendants have acted and continue to act under color of state law.

79.    The Due Process Clause of the Fourteenth Amendment provides: "[N]or shall any State deprive any person of life, liberty, or property, without due process of law."

80.    The United States Supreme Court has recognized that the substantive component of the Due Process Clause protects those rights that are "fundamental;" that is, rights that are "implicit in the concept of ordered liberty." *Palko v. Connecticut*, 302 U.S. 319, 325 (1937); *see also McKinney v. Pate*, 20 F.3d 1550, 1556 (11th Cir. 1994).

81.    Plaintiff's right of association with her son, and her right to receive comfort and care from her son in her final days, are fundamental rights which are subject to the protection of substantive due process.

82.    Plaintiff has been deprived of her substantive due process rights by Defendants as a result of Defendants' actions in preventing Plaintiff from having any contact with her son absent any governmental interest whatsoever.

83.     Additionally, Plaintiff has been designated a "victim" without the ability to opt out of this designation.  This designation has been used by the government to deprive her of other substantive and fundamental rights.  It is a violation of her substantive due process rights to place her in a legal or social category without her consent, without her permission, as a way of depriving her of her full civil rights and full civil liberties.

84.     The Defendants' actions are shocking to the conscience of any reasonable person.

85.     Plaintiff has been injured and will continue to suffer injury as a result of Defendants' constitutionally invalid actions if they are not remedied by this Court.

## COUNT VI

**VIOLATION OF THE FLORIDA CONSTITUTION
ARTICLE I, SECTION 16
(ALL DEFENDANTS)**

86.     Plaintiff repeats and realleges paragraphs 1-42.

87.     Defendants have acted and continue to act under color of state law.

88.     Article I, Section 16 of the Florida Constitution is known as the Florida Crime Victims' Bill of Rights.

89.     The purpose of the Florida Crime Victims' Bill of Rights is:

To preserve and protect the right of crime victims to achieve justice, ensure a meaningful role throughout the criminal … justice systems for crime victims, and ensure that crime victims' rights and interests are

respected and protected by law in a manner no less vigorous than protections afforded to criminal defendants …[.]

Art. I, § 16(b), Florida Constitution.  Art. I, § 16(b)(1) protects a victim's "right to due process and to be treated with fairness and respect for the victim's dignity."

90.     The Plaintiff's right to due process was not afforded, and respect for her dignity is nonexistent in the state's actions because the state has prevented (and continues to prevent) her from associating with her son and receiving comfort and care from her son in her final days without providing her with any opportunity for a hearing to challenge the burdens placed upon her or the rights taken away from her.

91.     Although Plaintiff received notice of the hearing at which Defendants imposed the "No Victim Contact" condition upon Graham-Foy, and although Plaintiff spoke at that hearing, Defendants indicated that they would not take her comments into account, and Defendants did not consider Plaintiff's comments in making their decision.

92.     While the Defendants *told* Ms. Foy that she could appeal, they were merely doing so to quiet her, since there is no process for her to do so.

93.     The government's actions have violated her Florida Constitutional rights under Art. I, § 16(b)(1).

94.     Violation of this Florida Constitutional right *also and simultaneously* violates the Plaintiff's First Amendment rights and due process rights (both procedural and substantive) as alleged and enumerated above, and therefore even in

the absence of a finding that the Florida Constitutional right can be independently vindicated, consistent with the Eleventh Amendment, this state constitutional right merges with federal rights and thus is properly vindicated under 42 U.S.C. § 1983.

95.     Plaintiff seeks injunctive relief to allow her to associate with her son as she wishes, consistent with the fairness and respect for dignity which the Florida Constitution requires be afforded to victims, and consistent with her First Amendment rights and her Due Process rights.

96.     Plaintiff has been injured and will continue to suffer injury as a result of Defendants' constitutionally invalid actions if they are not remedied by this Court.

## COUNT VII

### DECLARATORY JUDGMENT
### (ALL DEFENDANTS)

97.     Plaintiff repeats and realleges paragraphs 1-42.

98.     Plaintiff pleads this Count in the alternative to relief sought elsewhere in this Complaint.

99.     Article I, Section 16 of the Florida Constitution enumerates various rights afforded to the victims of crimes.

100.    Article I, § 16(b)(3) grants victims "[t]he right within the judicial process, to be reasonably protected from the accused and any person acting on behalf of the accused."

101. The right granted by Art. I, § 16(b)(3) is either mandatory, and thus applies whether or not the victim wishes to be "protected from the accused," or it is voluntary, and thus allows the victim to choose whether she wishes to seek protection.

102. Defendants take the position that a victim's right under Art. I, § 16(b)(3) is mandatory, and thus even if a victim has waived her right to be protected from the accused, the State take steps to prevent contact between the victim and the accused.

103. Under Defendants' interpretation of Art. I, § 16(b)(3), victims who wish to maintain relationships with the accused would necessarily be burdened by the State's prevention of contact between the two.

104. Plaintiff alleges that the rights bestowed by Art. I, § 16(b)(3) is voluntary, and can be waived by a victim so as to allow contact between a victim and the accused if the victim so chooses, and Plaintiff is entitled to a declaratory judgment that a victim may opt out of the protections afforded by Art. I, § 16(b)(3) of the Florida Constitution, when they are applied to the victim's detriment.

105. Violation of her Florida Constitutional rights *also and simultaneously* violate the Plaintiff's First Amendment rights and Due Process rights (both procedural and substantive) as alleged and enumerated above, and therefore even in the absence of a finding that the Florida Constitutional right can be independently

vindicated, consistent with the Eleventh Amendment, this state constitutional right merges with federal rights and thus is properly vindicated under §1983.

106.    Consistent with these state and federal rights, Ms. Foy has the right to shed her designation as "Victim" and to identify as a "non-victim" as she sees fit, and she knowingly and voluntarily requests that this court recognize her right to identify as a non-victim now and forever.

107.    Plaintiff seeks a declaratory judgment from this court that she has voluntarily and permanently disgorged herself of "victim status," and that her desire to identify as a non-victim is hereby recognized, and thus she may associate with her son, as she chooses or wishes.

## REQUEST FOR RELIEF

WHEREFORE Plaintiff Teena Foy respectfully requests that this Court confer the following relief:

A.    Issue an order enjoining Defendants from continuing to violate the Plaintiff's rights under the United States Constitution and under the Florida Constitution;

B.    Issue an order enjoining Defendants from enforcing or threatening to enforce their "No Victim Contact" order against Plaintiff or Graham-Foy; or, in the alternative, issue an order that unburdens Plaintiff from the designation of "Victim" of Graham-Foy;

C.    Issue an order compelling Defendants to remove the "no Victim Contact" provision on Mr. Graham-Foy's conditional release, or to simply enter an exception that Ms. Foy may have full contact with Mr. Graham-Foy;

D.    In the alternative, Compel the Defendants to modify the no contact order to permit contact consistent with the Plaintiff's Constitutional rights.

E.    Issue declaratory judgments as sought above;

F.    Award Plaintiff her costs and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and,

G.    Award all other necessary and appropriate relief that this Court may deem appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues so triable.


Dated: May 16, 2024.          Respectfully submitted,


/s/ Marc J. Randazza
Marc J. Randazza          Andrew B. Greenlee          Carrie Goldberg
FL Bar No. 625566         FL Bar No. 96365            *Pro Hac Vice*
RANDAZZA LEGAL GROUP, PLLC  ANDREW B. GREENLEE, P.A.    C.A. GOLDBERG, PLLC
30 Western Avenue          401 E 1st St. Unit 261      16 Court Street, 33rd Floor
Gloucester, MA 01930       Sanford, FL 32772-7512      Brooklyn, NY 11241
Tel: 888-887-1776          Tel: 407-808-6411           Tel: (646) 666-8908
ecf@randazza.com           andrew@andrewgreenleelaw.com carrie@cagoldberglaw.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 16, 2024, a true and correct copy of the foregoing document was filed electronically with the Clerk of Court and has been served on all parties of record through the CM/ECF system.

/s/ Marc J. Randazza
MARC J. RANDAZZA