# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
### TALLAHASSEE DIVISION

**TEENA FOY,**

     *Plaintiff,*

v.                             **Case No.: 4:24cv140-MW/MAF**

**FLORIDA COMMISSION
ON OFFENDER REVIEW,
et al.,**

     *Defendants.*

_____/

## ORDER DENYING MOTION TO STAY CASE

Pending before this Court is Defendants' motion to stay this case. ECF No. 86, and Plaintiff's response in opposition, ECF No. 92. Defendants assert there is good cause to stay these proceedings to await an upcoming ruling in a case now pending before the Supreme Court, because the case at issue will have substantial or controlling effect on the matter of Plaintiff's entitlement to attorneys' fees in this case. ECF No. 86 at 10–11. But Defendants' motion is premature. Defendants' argument that an upcoming decision from the Supreme Court in *Lackey v. Stinnie* will determine the issue of whether Ms. Foy will be entitled to attorneys' fees under 42 U.S.C. § 1988 hinges on Defendants' presumption that this case will ultimately become moot prior to entry of a final judgment.

This Court agrees with Plaintiff that the possibility that her claim may someday become moot if her son's conditional release is revoked does not provide good cause to prevent her from moving forward to final judgment on the merits. In short, Plaintiff's claim is not moot. The *possibility* that her claim may become moot prior to entry of final judgment is no reason to stay this action. Accordingly, Defendants' motion to stay, ECF No. 86, is **DENIED without prejudice to renew** in the event Plaintiff's claim becomes moot and this Court is left to consider the matter of entitlement to attorneys' fees before the Supreme Court rules in *Lackey*. [1]

**SO ORDERED on February 24, 2025.**

**s/Mark E. Walker**
**Chief United States District Judge**

---

[1] The questions presented in Petitioner's Brief are "1. Whether a party must obtain a ruling that conclusively decides the merits in its favor, as opposed to merely predicting a likelihood of later success, to prevail on the merits under 42 U.S.C. § 1988," and "2. Whether a party must obtain an enduring change in the parties' legal relationship from a judicial act, as opposed to a nonjudicial event that moots the case, to prevail under 42 U.S.C § 1988." Brief for Petitioner at i, *Lackey v. Stinnie*, No. 23-621 (June 20, 2024). Defendants assert that in the event Plaintiff's claim is mooted before final judgment and her preliminary injunction is vacated, her status as a prevailing party will ultimately be controlled by the outcome of the *Lackey* case. Of course, staying a determination of entitlement to fees may promote judicial economy if the case reaches that stage before *Lackey* is decided, but we are not there yet.